**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0700n.06

Case No. 20-1124

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| DAVID AVERY, RESCUE UNIT TOWING, INC., UNIVERSE INVESTMENTS, L.L.C., and RESCUE UNIT TOWING, INC., | ) ) ) | **FILED**<br>Dec 16, 2020<br>DEBORAH S. HUNT, Clerk |

DAVID AVERY, RESCUE UNIT TOWING, ) 
INC., UNIVERSE INVESTMENTS, L.L.C., and )
RESCUE UNIT TOWING, INC., )
                                     )
       Plaintiffs-Appellants, )     ON APPEAL FROM THE
                                     )     UNITED STATES DISTRICT
v. )     COURT FOR THE EASTERN
                                     )     DISTRICT OF MICHIGAN
                                     )
JOCELYN BENSON, Secretary of State of the )
State of Michigan, )          **O P I N I O N**
                                     )
       Defendant-Appellee. )

---

**BEFORE: BATCHELDER, CLAY, and BUSH, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** David Avery operates a tow truck recovery service, and he often sells the cars he recovers. As part of an investigation into allegations of title fraud against Avery, the Michigan Secretary of State's office placed an "administrative flash" on Avery and his companies (the other plaintiffs). According to the complaint, the administrative flash requires Avery to seek approval from an investigator in the Secretary of State's office before selling cars or renewing his driver's license. Avery sued Secretary of State Benson and three other defendants under 42 U.S.C. § 1983, alleging violations of the Fourth Amendment, Takings Clause, Eighth Amendment, and the Due Process and Privileges or Immunities Clauses of the Fourteenth Amendment and seeking an injunction against the administrative flash. The district court

dismissed all of Avery's claims, and Avery appealed only the dismissal of his claims against Benson. Although the district court erred in finding that it lacked jurisdiction over Avery's claims, we affirm its dismissal based on its alternate holding that Avery failed to state a claim on which relief can be granted.

The district court dismissed Avery's claims against Benson because it found that Avery could not maintain a suit against Benson in her official capacity under § 1983. In so finding, it relied on the Supreme Court's statement in *Will v. Michigan Department of State Police* that state officials in their official capacity are not "persons" under § 1983. *See* 491 U.S. 58, 71 (1989). But we have held repeatedly, in reliance on footnote ten in *Will*, that the "personhood" of official capacity defendants under § 1983 turns on the relief a plaintiff seeks. *See, e.g.*, *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013); *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 637 & n.3 (6th Cir. 2005). When plaintiffs seek only injunctive relief, *Ex Parte Young* allows the plaintiff to circumvent state sovereign immunity. *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598–99 (6th Cir. 2016). Here, Avery has dropped his claim for damages and now seeks only injunctive relief. So we must determine whether Avery has stated a plausible claim.

We review a dismissal for failure to state a claim de novo. *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020). Our analysis accepts as true all of the complaint's factual allegations and draws all reasonable inferences in Avery's favor, but we disregard legal conclusions. *Id.* To survive dismissal, the complaint must "plausibly give rise to entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). Avery's claims do not.

**Fourth Amendment.** The amended complaint's allegation that the administrative flash constitutes both a search and a seizure is exactly the kind of "naked assertion" of liability that the Supreme Court has instructed is inadequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)). Nothing in Avery's complaint alleges what the administrative flash is searching, so that aspect of his claim fails. And a delay in the ability to sell cars—the only possible "seizure" that can be inferred from the complaint—does not constitute a seizure under the Fourth Amendment. *See California v. Hodari D.*, 499 U.S. 621, 624 (1991) (noting that seizure means "taking possession").

**Takings Clause.** The Takings claim is similarly lacking in factual support. Initially, a taking requires a cognizable property interest under state law. *Kerns v. Chesapeake Exploration, L.L.C.*, 762 F. App'x 289, 296 (6th Cir. 2019). The complaint does not allege that Avery has any property interest in the cars that he recovers. What's more, the injury that the complaint alleges with regard to the cars is that Avery is "[b]eing deprived of the opportunity to timely respond to business opportunities." Delaying Avery's car sales is not a taking of private property.

**Eighth Amendment.** The Eighth Amendment applies to punishments. *See Timbs v. Indiana*, 139 S. Ct. 682, 689–90 (2019) (noting that the Eighth Amendment's Excessive Fines Clause only applies to civil forfeitures when they are partially punitive). Avery does not allege that the requirement that he seek an investigator's approval to sell cars is punishment for anything, so this claim fails.

**Due Process.** Avery alleges that his inability to sell cars or renew his driver's license without seeking an investigator's approval deprives him of a property interest without due process of law. He is correct that he has a property interest in his driver's license. *See Fowler v. Benson*, 924 F.3d 247, 257 (6th Cir. 2019) ("Supreme Court case law recognizes a protectible property interest in a driver's license under state law."). But he does not allege that the administrative flash deprives him of that interest. He alleges only that it subjects the renewal of his license to an investigator's approval without offering any claim that the investigator will withhold approval. As

such, he fails to allege a sufficiently concrete, particularized, and imminent injury to warrant injunctive relief on his due process claim. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

**Privileges or Immunities.** The complaint does not clarify what privilege or immunity of citizenship the administrative flash deprives Avery of. In his opening brief before this court, Avery clarifies that the administrative flash deprives him of his constitutional right to sell cars in the national market. The Supreme Court made clear more than a century and a half ago that the "clause did not protect an individual's right to pursue an economic livelihood." *Craigmiles v. Giles*, 312 F.3d 220, 229 (6th Cir. 2002) (citing *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1872)). Avery's claim that selling cars in the national market is a privilege or immunity of national citizenship falls squarely within that rule.

We can affirm the district court on any grounds that the record supports. *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 886 (6th Cir. 2020). Although the district court erred in dismissing the case because Avery sued Benson in her official capacity, its alternate holding that Avery does not state a claim on which relief can be granted is correct. We therefore affirm on that ground.